UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

   GREAT LAKES PROPERTIES                 Case No. 14-30332-dof
   OF FENTON, LLC,                            Chapter 11 Proceeding
      Debtor.                                 Hon. Daniel S. Opperman
_____/

## OPINION GRANTING DEBTOR'S MOTION FOR MEDIATION

### Introduction and Facts

The Debtor, Great Lakes Properties of Fenton, LLC, filed a Motion for Mediation requesting an order from this Court directing the parties to mediate issues in this case, as well as those raised in an adversary proceeding filed by the Michigan Department of Environmental Quality ("MDEQ") against various non-debtor Defendants. The Defendants in the adversary proceeding, Raad Asmar, Thikra Asmar, and Jimmy Asmar, agree with the Debtor's request; the MDEQ does not. The MDEQ, having years of experience with the Debtor, as well as Raad Asmar and Thikra Asmar, essentially concludes that mediation would be a wasted effort and that neither Debtor nor Raad Asmar and Thikra Asmar have any intention in entering into mediation in good faith.

The facts and history of this case have been summarized by the Court in an Opinion dated August 3, 2015, and in a more recent Opinion entered in February of 2016. For sake of brevity, the Court incorporates the findings of fact in those Opinions for purposes of this Opinion.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

1

The United States Supreme Court has determined that so long as the parties knowingly and voluntarily consent, Article III allows bankruptcy judges to adjudicate certain claims. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015).

## Applicable Authorities

Local Rule for the Bankruptcy Court for the Eastern District of Michigan 7016-2 states, in relevant part:

> (a) **The Mediation Process**. Upon its own initiative, the stipulation of the parties or a motion filed under Local Rule 9014-1, the court may order the parties to engage in mediation. If the court orders mediation on its own initiative, a party may within seven days file a motion under Local Rule 9014-1 objecting to mediation.
> (1) If mediation is stipulated or ordered, the parties must choose one mediator from the court's panel of mediators. If that mediator is not available or has a conflict that the parties do not waive, the parties must choose another mediator. The parties may request the court's assistance in selecting a mediator if they cannot agree.
> (2) When a mediator is chosen, the parties must submit a proposed mediation order for entry, unless the court has already entered a mediation order. If a mediation order has not been entered by the time of the mediation, the mediator shall submit a proposed mediation order. A form "Mediation Order" is available on the court's website.
> (3) Mediation may be ordered at any time during the case. Mediation must be completed within 14 days after the entry of the mediation order or within such other time as the court has fixed in the mediation order.

**28 U.S.C. § 1927. Counsel's liability for excessive costs**

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

## Analysis

The Debtor is correct that the relationship between it and MDEQ, as well as the relationship between MDEQ and Raad Asmar and Thikra Asmar, is troubled with little, if any, trust. This Court

2

will not at this time access blame or attribute improper motives to any party. Per the statements of Debtor's counsel and counsel for Raad Asmar and Thikra Asmar, they now wish to resolve their differences with the MDEQ, and will enter negotiations and alternative dispute resolution options in good faith and with an open, but not unlimited, checkbook.

The Court understands the MDEQ's reluctance in trying to resolve this matter given its relationship with the Debtor, Raad Asmar, and Thikra Asmar. The Court must, however, accept the Debtor's statements that it wishes to mediate its issues with the MDEQ in good faith. Also, the Court accepts the statements of Raad Asmar and Thikra Asmar as to their good faith intentions to mediate and try to settle this matter.

Before granting the Debtor's Motion, however, the Court does note that both 28 U.S.C. § 1927 and Local Rule 7016-2 are applicable and should be considered seriously by all parties. While the failure to have a successful resolution as a result of mediation does not automatically trigger either Section 1927 costs or Local Rule 7016-2 sanctions, both counsel and parties should be reminded of these authorities.

For these reasons, the Court grants the Debtor's Motion for Mediation. The Court will enter an Order consistent with this Opinion.

**Not forPublication**

**Signed on February 25, 2016**

             **/s/ Daniel S. Opperman**
             **Daniel S. Opperman**
             **United States Bankruptcy Judge**